# UNITED STATES DISTRICT COURT FILED

## NORTHERN DISTRICT OF CALIFORNIA   MAR 07 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

*SAN JOSE DIVISION*

THE UNITED STATES OF AMERICA

CR 19 00111 LHK

vs

DANHONG "JEAN" CHEN aka MARIA SOFIA TAYLOR
and JIANYUN "TONY" YE

NC

## INDICTMENT



SEALED BY ORDER OF THE COURT

COUNTS 1-10:   18 U.S.C. § 1546(a) – Visa Fraud
COUNT 11:       18 U.S.C. § 1512(b)(3) – Obstruction of Justice
COUNT 12:       18 U.S.C. § 1505 – Obstruction of Justice
COUNT 13:       18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft
COUNT 14:       18 U.S.C. § 1028(a)(7) – Identity Theft

*A true bill.*

_____
Foreperson

*Filed in open court this* __7th__ *day of* __March__ *A.D. 201*__9__

_____
United States Magistrate Judge

*Bail. $* _____

- As to Danhong Jean Chen - arrest warrant
- As to Tony Ye: Summons for appearance
  March 25, 2019

[SEALED BY ORDER OF THE COURT]

**FILED**
MAR 07 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19 00111 LHK |
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 1546(a) – Visa Fraud; 18 U.S.C. § 1512(b)(3) – Obstruction of Justice; 18 U.S.C. § 1505 – Obstruction of Justice; 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft; 18 U.S.C. § 1028(a)(7) – Identity Theft; 18 U.S.C. §§ 981(a)(1)(C), 18 U.S.C. § 982(a)(6), and 28 U.S.C. § 2461(c) – Criminal Forfeiture. |
| v. | |
| DANHONG "JEAN" CHEN a/k/a Maria Sofia Taylor and JIANYUN "TONY" YE, | |
| Defendants. | **[UNDER SEAL]** |

## INDICTMENT

The Grand Jury charges that, at all relevant times:

Introductory Allegations

1. Danhong "Jean" CHEN resided in Atherton, California and elsewhere. She held herself out as the managing partner of the Law Offices of Jean D. Chen and was licensed to practice in New York. CHEN became a naturalized citizen of Dominica in or about October 2018 under the name Maria Sofia Taylor.

2. Jianyun "Tony" YE resided in Atherton, California and elsewhere, and he was formerly married to CHEN. He was employed by the Law Offices of Jean D. Chen and held himself out as its office manager.

3. The Law Offices of Jean D. Chen, A Professional Corporation (the "Law Offices") was

INDICTMENT

1  incorporated in California in 2007 and had its principal place of business in San Jose, California. Chen
2  was the sole partner and principal of the firm, which held itself out as specializing in immigration law.
3  The Law Office had three office locations: San Francisco office: 465 California Street, Suite 410, San
4  Francisco, California; San Jose office: 2107 North First Street, Suite 400, San Jose, California; Beijing
5  office: Beijing Broadcasting Building, Suite 1101-2, No. 14, Jian Guo Men Wai Da Jie, Chaoyang
6  District, Beijing.

7       4.    K.C. resided in Hong Kong, China. According to CHEN, he was a family friend and
8  business associate of CHEN and YE. K.C. was purported to be Director of U.S. Immigration Services
9  of Beijing New Horizons Investment Consulting Co., Ltd. ("New Horizons"), a China-based entity
10 controlled, in part, by CHEN and YE. K.C. held an account at Charles Schwab & Co., Inc. ending in
11 xx6828.

12      5.    K.R. resided in Emeryville, California and elsewhere. Beginning in approximately June
13 2016, she claimed to be the sole owner and manager of Golden State Regional Center, LLC. However,
14 multiple documents drafted before June 2016 purported that K.R. was the sole owner and manager.

15      6.    Golden State Regional Center, LLC ("Golden State RC"), a California Limited Liability
16 Company, was organized in 2012 and had its principal place of business in San Jose, California.
17 According to sale documents in 2014, it was acquired by Tree Lined Properties LLC ("Tree Lined
18 Properties"), an entity which was controlled by CHEN and YE at the time. When Golden State RC was
19 sold to Tree Lined Properties, and at all relevant times thereafter, K.R. was the purported manager of
20 Golden State RC. Golden State RC held a Wells Fargo bank account ending in xx5360.

21      7.    Golden State RC managed Bay Area Investment Fund I and Bay Area Investment Fund
22 II, both of which were California Limited Liability companies and recognized by the United States
23 Citizenship and Immigration Services ("USCIS") as new commercial enterprises ("NCE"). Nearly all
24 alien investors in Bay Area Investment Fund I and Bay Area Investment Fund II were clients of the Law
25 Office. Bay Area Investment Fund I held a Wells Fargo bank account ending in xx5378. Bay Area
26 Investment Fund II held a Wells Fargo bank account ending in xx3111 and xx5090.

27      8.    B.L. resided in Atherton, California and elsewhere. She was the purported owner and
28 operator of Golden California Regional Center, LLC ("Golden California RC").

INDICTMENT                                 2

1   9.   Golden California RC was a California Limited Liability Company. It was organized in
2   2012 and had its principal place of business in Palo Alto, California. Some clients of the Law Office
3   invested in NCEs managed by Golden California RC.

4   <center>The EB-5 Visa Application Process</center>

5   10.   The United States administered a federal immigration program called the "Employment-
6   Based Immigration Fifth Preference" program, which was more commonly known as the "EB-5"
7   program. The EB-5 program was intended to promote economic growth in the United States, primarily
8   through new job creation, by encouraging foreign investment in this country. The EB-5 program
9   allowed foreign nationals to obtain permanent United States residency (commonly known as "green
10  card" status) by investing in qualifying American businesses. Alien investors who complied with
11  program requirements initially received a grant of conditional permanent residency status for a two-year
12  period. After this period, the alien investor could petition for permanent residency.

13  11.   To obtain an EB-5 visa, the alien investor had to satisfy three primary program
14  requirements: (1) the alien investor had to invest at least $1 million (hereinafter, the "capital
15  contribution") in the United States; (2) the capital contribution had to be made in a qualifying business
16  known as a "new commercial enterprise," or "NCE"; and (3) the capital contribution had to create or
17  preserve full-time positions for at least 10 qualifying employees within two years. The minimum
18  amount of the capital contribution could be reduced from $1 million to $500,000 if the NCE was located
19  in an area designated as a "targeted employment area," which could be a rural or high-unemployment
20  area as determined by United States Citizenship and Immigration Services ("USCIS"). USCIS was a
21  component of the United States Department of Homeland Security and administered the EB-5 program.

22  12.   EB-5 investments were sometimes promoted by entrepreneurs seeking financing for
23  projects such as real estate developments. These promoters sometimes established "regional centers,"
24  which are entities that promote EB-5 investments within a designated geographic area. To obtain
25  regional center status, the promoter had to provide USCIS with materials describing the kinds of new
26  commercial enterprises (NCEs) that may operate under the regional center, and the types of jobs that
27  will be created either directly or indirectly as a result of the investments. Such materials included I-924
28  and I-924A forms. An alien investor could, but was not required to, invest in an NCE affiliated with a

regional center.

13. Prospective alien investors who wished to participate in the EB-5 program had to file "I-526" petitions with USCIS. An I-526 petition had to establish that the alien investor would more likely than not satisfy EB-5 program requirements. For example, the petition had to show that the alien investor has invested (or is in the process of investing) the required amount of funds in an NCE; that the funds came from a lawful source; and that the investment would more likely than not create at least 10 qualifying jobs in the United States.

14. To make these showings, alien investors typically provided USCIS with supporting materials, which could include a project business plan, a budget, and applicable offering materials. USCIS reviewed and relied on these materials in determining whether the I-526 application should be granted. During the pendency of the I-526 petition, the proposed project had to proceed, in all material respects, in the manner described in the I-526 petition and supporting materials. If the actual project materially diverged from the I-526 proposal before USCIS granted the petition and the alien investor became a conditional permanent U.S. resident, USCIS could deny the I-526 petition.

15. If USCIS approved an I-526 petition, the petitioner/ alien investor received conditional permanent residency for a two-year period. After two years, the immigrant could file a second petition, known as an "I-829 petition," to remove the conditions on the alien investor's residency status. If the I-829 petition demonstrated the alien investor had in fact invested the minimum amount of funds in the NCE; that the investment had created at least 10 jobs; and that other program requirements were satisfied, the petition could be granted and the alien investor could receive his or her "green card," or unconditional permanent residency.

16. A fundamental rule of the EB-5 program was that every dollar of each EB-5 alien investor's capital contribution had to be invested directly in the entity directly responsible for creating employment, which was known as the "job-creating enterprise," or "JCE." Further, the full investment had to remain at risk and be used for job-creation purposes in that project. If any portion of the $1 million (or $500,000) capital contribution was used for a purpose other than the project, the investment would be deemed non-compliant with EB-5 regulations. In particular, no portion of the alien investor's capital contribution could be used to pay regional center expenses, such as expenses associated with

INDICTMENT 4

1  promoting the EB-5 investment.

2      17.    Additionally, USCIS would not approve without supplemental information and additional
3  investigation, and could refuse to ever approve, an I-526 application that had any one of the following
4  inaccurate, false, and fraudulent representations:

5      a)    False and fraudulent signatures of the purported manager of the regional center;

6      b)    False identification of the manager of the regional center and false assertions
7  about his or her role at the regional center;

8      c)    False representations about the use and receipt of alien investor
9  Administrative Fees, including the payment of "finder's fees" or "referral fees,"
10  which commonly refer to funds provided by alien investors in addition to their
11  investment of $500,000 or $1,000,000;

12      d)    False representations about the attorneys who represent the regional center,
13  NCE, JCE, and alien investor, including representations about each entity having
14  separate counsel; and,

15      e)    False representations about the use of alien investor funds to capitalize a JCE, that
16  is, the release of funds held by an NCE to the JCE, before that alien investor's I-
17  526 application is approved.

18  <u>CHEN and YE Commonly Prepared and Submitted False and Fraudulent I-526 Applications on Behalf
19  of Alien Investors</u>

20      18.    CHEN and YE commonly prepared and submitted, and caused to be submitted, I-526
21  applications on behalf of alien investors that reflected K.R.'s purported signature on multiple pages of
22  the applications. Such applications were typically submitted on behalf of alien investors who invested in
23  Bay Area Investment Fund I and Fund II. K.R.'s purported signature in these applications, as CHEN
24  and YE knew, was forged and false. K.R. was also described throughout such I-526 applications as the
25  Manager of Golden State RC, but CHEN and YE knowingly controlled Golden State RC throughout at
26  least 2014, 2015, and the first half of 2016. CHEN and YE also knowingly submitted, and caused to be
27  submitted, Golden State RC's I-924A form, and related other documents, on November 25, 2014 with a
28  false signature of K.R.

INDICTMENT                                                                5

19. The Law Office and CHEN represented alien investors who invested in Bay Area Investment Fund I and Fund II. CHEN and YE commonly and knowingly prepared, and CHEN commonly signed, these I-526 applications and prepared cover letters included in the applications. Notwithstanding that, the Law Office and CHEN knowingly represented Golden State RC at the same time.

20. CHEN and YE commonly and knowingly transferred administrative fees paid by alien investors who invested in Bay Area Investment Fund I's and Fund II's Wells Fargo accounts, xx5378 and xx 3111 (respectively), to an account held by Golden State RC and controlled by CHEN and YE, Wells Fargo account xx5360.

21. CHEN and YE commonly and knowingly diverted alien investor funds from bank accounts associated with Bay Area Investment Fund I and Fund II, Wells Fargo accounts xx5378 and xx5090 (respectively), and into bank accounts associated with both Bay Area Investment Fund I's and Fund II's respective JCEs before the alien investor's I-526 application allowed for such a transfer.

22. Since December of 2014, approximately 80 clients of the Law Office invested in Bay Area Investment Fund I, with a cumulative investment of approximately $40,000,000, and approximately 25 clients of the Law Offices invested in Bay Area Investment Fund II, with a cumulative investment of approximately $12,500,000.

<u>COUNTS 1 THROUGH 10</u>: (18 U.S.C. § 1546(a) – Visa Fraud)

23. The factual allegations of paragraphs 1 through 22 are realleged as if fully set forth herein.

24. On or about the dates listed in the tables below, in the Northern District of California and elsewhere, the defendants,

        DANHONG "JEAN" CHEN a/k/a Maria Sofia Taylor
        and,
        JIANYUN "TONY" YE

aiding and abetting one another, did knowingly present to USCIS a false statement with respect to a material fact in the I-526 applications identified in the table below, all of which are applications, affidavits, and other documents required by the immigration laws or regulations prescribed thereunder, to wit, the false statements described in the table below, said statement having been made under oath, as

INDICTMENT                                                             6

permitted under penalty of perjury under Section 1746 of Title 28, United States Code, and knowingly subscribed as true.

| Count | Investor & I-526 Receipt No. | Approx. Date of I-526 Submission | False Statement |
|---|---|---|---|
| 1 | Y.F. / xx2653 | 12/29/2014 | Signatures of K.R.; description of K.R.'s role at Golden State RC; commitment to not capitalize the JCE until certain conditions were met as specified in the I-526 application; and, assertions that the alien investor, Regional Center, and NCE had separate legal counsel |
| 2 | Y.G. / xx7329 | 01/02/2015 | Signatures of K.R.; description of K.R.'s role at Golden State RC; commitment to not capitalize the JCE until certain conditions were met as specified in the I-526 application; and, assertions that the alien investor, Regional Center, and NCE had separate legal counsel |
| 3 | X.P. / xx2146 | 01/06/2015 | Signatures of K.R.; description of K.R.'s role at Golden State RC; commitment to not capitalize the JCE until certain conditions were met as specified in the I-526 application; and, assertions that the alien investor, Regional Center, and NCE had separate legal counsel |
| 4 | H.Z. / xx8593 | 03/06/2015 | Signatures of K.R.; description of K.R.'s role at Golden State RC; commitment to not capitalize the JCE until certain conditions were met as specified in the I-526 application; and, assertions that the alien investor, Regional Center, and NCE had separate legal counsel |

| 5 | C.L. / xx0331 | 05/04/2015 | Signatures of K.R.; description of K.R.'s role at Golden State RC; commitment to not capitalize the JCE until certain conditions were met as specified in the I-526 application; and, assertions that the alien investor, Regional Center, and NCE had separate legal counsel |
| --- | --- | --- | --- |
| 6 | M.D. / xx1169 | 07/15/2015 | Signatures of K.R.; description of K.R.'s role at Golden State RC; commitment to not capitalize the JCE until certain conditions were met as specified in the I-526 application; and, assertions that the alien investor, Regional Center, and NCE had separate legal counsel |
| 7 | H.T. / xx8966 | 10/01/2015 | Signatures of K.R.; description of K.R.'s role at Golden State RC; commitment to not capitalize the JCE until certain conditions were met as specified in the I-526 application; and, assertions that the alien investor, Regional Center, and NCE had separate legal counsel |
| 8 | T.N. / xx5168 | 09/30/2015 | Signatures of K.R.; description of K.R.'s role at Golden State RC; commitment to not capitalize the JCE until certain conditions were met as specified in the I-526 application; and, assertions that the alien investor, Regional Center, and NCE had separate legal counsel |
| 9 | P.C. / xx9520 | 11/17/2015 | Signatures of K.R.; description of K.R.'s role at Golden State RC; commitment to not capitalize the JCE until certain conditions were met as specified in the I-526 application; and, assertions that the alien investor, Regional Center, and NCE had separate legal counsel |
| 10 | W.L. / xx3548 | 12/11/2015 | Signatures of K.R.; description of K.R.'s role at Golden State RC; commitment to not capitalize the JCE until certain |

|  |  |  | conditions were met as specified in the I-526 application; and, assertions that the alien investor, Regional Center, and NCE had separate legal counsel |
|---|---|---|---|

All in violation of Title 18, United States Code, Sections 1546(a) and 2.

COUNT 11: (18 U.S.C. § 1512(b)(3) – Obstruction of Justice)

25. The factual allegations of paragraphs 1 through 22 are realleged as if fully set forth herein.

26. From on or about June 2016 to on or about December 8, 2017, in the Northern District of California and elsewhere, the defendants,

DANHONG "JEAN" CHEN a/k/a Maria Sofia Taylor
and,
JIANYUN "TONY" YE

aiding and abetting one another, did knowingly attempt to intimidate, threaten, corruptly persuade, and engage in misleading conduct toward B.L., and attempted to do so, by instructing and demanding that B.L. delete emails, and ultimately deleted emails in B.L.'s account on her behalf, relevant to the referral fees paid by alien investors that were clients of The Law Offices of Jean D. Chen and communications with alien investors related to CHEN and YE, and communications concerning the Law Offices of Jean D. Chen, with the intent to hinder, delay, and prevent the communication to the Federal Bureau of Investigation, a law enforcement officer, of information relating to the commission and possible commission of a Federal offense, to wit, visa fraud in violation of Title 18, United States Code, Section 1546(a), by CHEN and YE.

All in violation of Title 18, United States Code, Sections 1512(b)(3) and 2.

COUNT 12: (18 U.S.C. § 1505 – Obstruction of Justice)

27. The factual allegations of paragraphs 1 through 22 are realleged as if fully set forth herein.

28. On or about November 1, 2018, in the Northern District of California and elsewhere, the defendants,

DANHONG "JEAN" CHEN a/k/a Maria Sofia Taylor
and,

INDICTMENT 9

1  JIANYUN "TONY" YE

2  aiding and abetting one another, did corruptly influence, obstruct and impede, or endeavor to influence,
3  obstruct and impede, and attempted to do so, the due and proper administration of the law under which a
4  pending proceeding, to wit, the investigative proceeding being had before the United States Securities
5  and Exchange Commission, by instructing and demanding K.R. to falsely assert that K.R. had signed
6  Subscription Agreements and "offering agreements" within the I-526 applications of alien investors in
7  Bay Area Investment Fund I and Bay Area Investment Fund II.
8      All in violation of Title 18, United States Code, Sections 1505 and 2.
9  COUNT 13: (18 U.S.C. § 1028A(a)(1)—Aggravated Identity Theft)
10     29.    The factual allegations of paragraphs 1 through 22 are realleged as if fully set forth
11 herein.
12     30.    On or about December 29, 2014, in the Northern District of California, the defendants,
13              DANHONG "JEAN" CHEN a/k/a Maria Sofia Taylor
                                and,
14              JIANYUN "TONY" YE
15 aiding and abetting one another, did knowingly use, without lawful authority, a means of identification
16 of another person, that is, the name and signature of K.R., during and in relation to a felony violation
17 enumerated in 18 U.S.C. § 1028A(c)(5), that is, Visa Fraud, 18 U.S.C. § 1546(a).
18     All in violation of Title 18, United States Code, Section 1028A(a)(1) and 2.
19 COUNT 14: (18 U.S.C. § 1028(a)(7)—Identity Theft)
20     31.    The factual allegations of paragraphs 1 through 22 are realleged as if fully set forth
21 herein.
22     32.    On or about June 4, 2015, in the Northern District of California and elsewhere, the
23 defendant,
24              JIANYUN "TONY" YE
25 knowingly possessed and used, without lawful authority, the means of identification of another person,
26 namely, the name and account number xx6828 of K.C., with the intent to commit, to aid and abet the
27 commission of, and in connection with the commission of, a violation of federal law, namely, Wire
28 Fraud, a felony violation of Title 18, United States Code, Section 1343, and Visa Fraud, a felony

INDICTMENT                                    10

1  violation of Title 18, United States Code, Section 1546(a), with said transfer, possession, and use
2  affecting interstate and foreign commerce.
3       All in violation of Title 18, United States Code, Section 1028(a)(7), (b)(2)(B).
4  <u>FORFEITURE ALLEGATION</u>: 18 U.S.C. § 982(a)(6) (Criminal Forfeiture)
5       The allegations contained in Counts 1 through 10 of this Indictment are hereby realleged and
6  incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States
7  Code, Section 982(a)(6).
8       Upon conviction of the offense in violation of Title 18, United States Code, Section 1546(a), set
9  forth in Count 1 of this Indictment, the defendant,
10              DANHONG "JEAN" CHEN a/k/a MARIA SOFIA TAYLOR
                               and,
11                        JIANYUN "TONY" YE
12 shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(6):
13      (A)  any conveyance, including any vessel, vehicle, or aircraft used in the commission of the
14 offense; and
15      (B)  any property real or personal –
16           (i)  that constitutes, or was derived from or is traceable to the proceeds obtained directly
17 or indirectly from the commission of the offense; or
18           (ii)  that was used to facilitate, or was intended to be used to facilitate, the commission of
19 the offense.
20      If any of the property described above, as a result of any act or omission of the defendant:
21           (i)    cannot be located upon the exercise of due diligence;
22           (ii)   has been transferred or sold to, or deposited with, a third party;
23           (iii)  has been placed beyond the jurisdiction of the court;
24           (iv)  has been substantially diminished in value; or
25           (v)   has been commingled with other property which cannot be divided without
26               difficulty,
27 the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,
28 United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

INDICTMENT                              11

FORFEITURE ALLEGATION: 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c)

Upon a conviction of one or more of the offenses alleged in Counts 11 through 14 of this Indictment, the defendants,

DANHONG "JEAN" CHEN a/k/a MARIA SOFIA TAYLOR
and,
JIANYUN "TONY" YE

shall forfeit to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c) all property, real or personal, constituting, and derived from, proceeds the defendant obtained directly and indirectly as the result of those violations, including but not limited to the following:

a forfeiture money judgment in an amount equal to the total proceeds from the commission of said offenses.

If any of the aforementioned property, as a result of any act or omission of the defendants –

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third person;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or
e. has been commingled with other property that cannot be divided without difficulty,

any and all interest the defendants have in other property shall be vested in the United States and forfeited to the United States pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

DATED: 3-7-19

A TRUE BILL.

_____
FOREPERSON
San Jose

DAVID L. ANDERSON
United States Attorney

_____
HALLIE HOFFMAN
Chief, Criminal Division

(Approved as to form: _____ )
PATRICK R. DELAHUNTY
Assistant United States Attorney

INDICTMENT                                    12

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

---- OFFENSE CHARGED ----

COUNTS 1-10: 18 U.S.C. § 1546(a) – Visa Fraud
COUNT 11: 18 U.S.C. § 1512(b)(3) – Obstruction of Justice
COUNT 12: 18 U.S.C. § 1505 – Obstruction of Justice
COUNT 13: 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: see attached sheet

CR 19 00111 LHK NC

Name of District Court, and/or Judge/Magistrate Location

MAR 07 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

SEALED BY ORDER OF THE COURT

---- DEFENDANT - U.S ----

▶ DANHONG "JEAN" CHEN aka MARIA SOFIA TAYLOR

DISTRICT COURT NUMBER

---- PROCEEDING ----

Name of Complaintant Agency, or Person (& Title, if any)

FBI SA Adelaida Hernandez

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   DAVID L. ANDERSON
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   AUSA Patrick Delahunty

---- DEFENDANT ----

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction   } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No   } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT     Bail Amount: None

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:     Before Judge:

Comments:

A1

PENALTY SHEET

Visa Fraud: 18 U.S.C. § 1546(a) -- Counts 1 through 10 for both Chen and Ye (each count)
Maximum penalties: 10 years imprisonment; $250,000 fine; three years of supervised release, and $100 special assessment

Obstruction of Justice: 18 U.S.C. § 1512(b)(3) -- Count 11 for both Chen and Ye
Maximum penalties: 20 years imprisonment; $250,000 fine; three years of supervised release; and $100 special assessment

Obstruction of Justice: 18 U.S.C. § 1505 -- Count 12 for both Chen and Ye
Maximum penalties: 5 years imprisonment; $250,000 fine; three years of supervised release; and $100 special assessment

Aggravated Identity Theft: 18 U.S.C. § 1028(A) -- Count 13 for both Chen and Ye
Maximum penalties: 2 years imprisonment—mandatory; $250,000 fine; one year of supervised release; and $100 special assessment

A1

AO 257 (Rev. 6/78)

**FILED** SEALED BY ORDER OF THE COURT

MAR 7 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT   ☐ SUPERSEDING

---- OFFENSE CHARGED ----

COUNTS 1-10: 18 U.S.C. § 1546(a) – Visa Fraud
COUNT 11: 18 U.S.C. § 1512(b)(3) – Obstruction of Justice
COUNT 12: 18 U.S.C. § 1505 – Obstruction of Justice
COUNT 13: 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft
COUNT 14: 18 U.S.C. § 1028(a)(7) – Identity Theft

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: see attached sheet

CR 19 00111 LHK NC

--- Name of District Court, and/or Judge/Magistrate Location ---
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

--- DEFENDANT - U.S ---
▶ JIANYUN "TONY" YE

DISTRICT COURT NUMBER

--- DEFENDANT ---

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction         } ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution
_____

Has detainer  ☐ Yes    If "Yes"
been filed?   ☐ No     give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED ▶ Month/Day/Year
TO U.S. CUSTODY _____

---- PROCEEDING ----

Name of Complainant Agency, or Person (& Title, if any)
FBI SA Adelaida Hernandez

☐ person is awaiting trial in another Federal or State Court, give name of court
_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District
_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE
} SHOW DOCKET NO. _____

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO. _____

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
_____

Name and Office of Person Furnishing Information on this form: DAVID L. ANDERSON
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): AUSA Patrick Delahunty

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☒ SUMMONS   ☐ NO PROCESS*   ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☒ Arraignment   ☒ Initial Appearance

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:
90 Broadacres Rd, Atherton, CA 94027

Date/Time: **March 27, 2019  1:30pm**   Before Judge: van Keulen

Comments:

A2

PENALTY SHEET

Visa Fraud: 18 U.S.C. § 1546(a) -- Counts 1 through 10 for both Chen and Ye (each count)
Maximum penalties: 10 years imprisonment; $250,000 fine; three years of supervised release, and $100 special assessment

Obstruction of Justice: 18 U.S.C. § 1512(b)(3) -- Count 11 for both Chen and Ye
Maximum penalties: 20 years imprisonment; $250,000 fine; three years of supervised release; and $100 special assessment

Obstruction of Justice: 18 U.S.C. § 1505 -- Count 12 for both Chen and Ye
Maximum penalties: 5 years imprisonment; $250,000 fine; three years of supervised release; and $100 special assessment

Aggravated Identity Theft: 18 U.S.C. § 1028(A) -- Count 13 for both Chen and Ye
Maximum penalties: 2 years imprisonment—mandatory; $250,000 fine; one year of supervised release; and $100 special assessment

Identity Theft: 18 U.S.C. § 1028(a)(7) – Count 14 – Ye only
Maximum penalties: 5 years imprisonment; $250,000 fine; three years of supervised release; and $100 special assessment

