UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DANHONG "JEAN" CHEN,<br><br>　　　　　　Defendant. | Case No. 19-cr-00111-BLF-1   (SVK)<br><br>**DETENTION ORDER** |

A detention hearing was held in this matter on March 31, 2025. Defendant CHEN appeared and was represented by retained counsel Hartley West. AUSA Lloyd Farnham appeared for the Government. Pretrial Services Officer Yaneyla Arellano also appeared. In advance of the hearing the Court received a full bail study from Pretrial Services with a recommendation that Defendant be detained as a flight risk. Dkt. 125. The Court also received a letter from defense counsel in support of release conditions. Dkt. 130. The Court reviewed all of the relevant materials, the relevant law and heard arguments of counsel. The Court **ORDERS** Defendant CHEN **DETAINED** pending trial for the reasons that follow.

Defendant CHEN is charged with Visa Fraud, Obstruction of Justice and Identity Theft. Dkt. 1. The operative complaint in this action was filed on November 20, 2018, and Defendant CHEN's indictment issued in March 2019. Prior to the criminal complaint, on October 17, 2018, the SEC had filed a civil action against Defendant CHEN and her co-defendant, Tony Ye. Defendant CHEN left the country on October 18, 2018. For the next 5 ½ years, Defendant CHEN lived in China, with travel abroad for business. Dkt. 130 at 3-4. In March of 2024, Defendant CHEN travelled to Kyrgyzstan, where she was detained on an Interpol Red Notice. *Id*. at 4. For the next 11 months, Defendant CHEN was detained at a Kyrgyzstani facility while she fought

1  extradition to the United States. *Id*. Defendant CHEN initially appeared in this action on March
2  7, 2025, and the Government moved for detention as a risk of flight. Defendant CHEN opposes,
3  arguing that stringent release conditions would be sufficient to ensure that she appears to face the
4  charges against her.

5        The Court finds that on the undisputed record in this case the Government has satisfied its
6  burden of demonstrating that Defendant CHEN poses a flight risk that cannot reasonably be
7  mitigated by release conditions. 18 U.S.C. §3142 (f). First, in 2018, with a civil case underway
8  and impending criminal charges, CHEN left the country, leaving behind her minor child, her
9  former husband, and a home located in Atherton currently valued at $10 million. Dkt. 130 at 3; 8,
10 fn. 4. Although CHEN claims to have left to care for her mother who was suddenly injured and
11 "in the emergency room," CHEN acknowledges that before heading to China she first travelled to
12 Canada, by train and by bus, with a friend for a "pre-planned trip." Dkt. 130 at 3. This latter fact
13 calls into question CHEN's proffered motive for leaving the United States. CHEN's former
14 husband and co-conspirator was arrested in November, 2018, a fact from which it is reasonable to
15 infer that at least as of that time, CHEN was aware of criminal charges pending against her.
16 However, despite what would appear to be strong familial and financial ties to the U.S., CHEN
17 elected not to return to the United States but to remain mostly in China for several years. While a
18 fugitive, CHEN travelled internationally on business to destinations including Grenada and the
19 Commonwealth of Dominica. Dkt. 130 at 4. It is significant that CHEN also holds a Dominican
20 passport issued under the alias Maria Sofia Taylor. *Id*. at 6. Defendant CHEN's prolonged status
21 as a fugitive demonstrates that she has access to financial means to flee again. In addition, CHEN
22 acknowledges that in addition to her one-half interest in the home valued at $10 million noted
23 above, she receives substantial funds on a regular basis to cover the mortgage and property taxes
24 of that property. Dkt. 130 at 7.

25       The Court is not persuaded by the proffered release conditions which include home
26 detention, location monitoring and a 24-hour security guard. Dkt. 130 at 1; 8. Defendant CHEN's
27 primary support for these conditions is the imposition of similar conditions in this District in
28 *United States v. Lynch*, 18-cr-00577-CRB-1, 8-9 (N.D. Cal. May. 11, 2023). However, release in

that case was premised on several key facts not present in the case at hand.  First, the subject matter of the *Lynch* indictment was litigated in both in the U.S. and the United Kingdom, where defendant Lynch lived.  He did not flee the United States.  *Lynch*, at 1. Second, as proffered by AUSA Farnham at the hearing, after losing his extradition fight, Lynch voluntarily presented himself for extradition to the United States where the Government then agreed to conditions of release.  Finally, Lynch was worth between $400 and $450 million, with at least $93 million in unencumbered assets, pursuant to which the Court was able to order a $100 million bond, secured by $50 million in unencumbered assets.  *Lynch* at 4.

       Here, Defendant CHEN left the United States, including substantial familial and property ties, and has since evaded charges for over six years.  There was no voluntary surrender to jurisdiction of the United States.  Further, although as noted above Defendant CHEN has access to financial resources abroad, the robustness of any assets in the United States is questionable at best.  According to Pretrial Services, the home in which Defendant CHEN has a one-half interest has encumbrances of $5.5 million.  Further, at the hearing AUSA Farnham proffered that any available equity in the home would likely be subject to seizure proceedings by the SEC pursuant to its civil action against Defendant CHEN.  There simply is no evidence of any financial tie sufficiently strong to deter Defendant CHEN from fleeing, again. The Court finds the proffer of a 24-hour security guard, paid for by Defendant CHEN, too easily susceptible to manipulation by the defendant to mitigate risk of fight.

       Finally, Defendant CHEN attempts to argue medical necessity for release so she can have knee surgery.  Dkt. 130, pp. 4-5.  The medical records submitted at Dkt. 130 are not clear as to the urgency for any surgery, and Defendant CHEN acknowledges that surgery, if any, is at least four months away.  *Id*. at 4.  The need for temporary release for surgery months down the road can be addressed in due course.  18 U.S.C. §3142 (i).

       For all of the reasons cited herein, the Court finds that the Government has demonstrated by a preponderance of the evidence that Defendant CHEN poses a risk of flight that cannot be mitigated, even by the proposed conditions.  Her prior flight, which included leaving behind her family and property in this District, and the subsequent long, sustained efforts to remain out of the

reach of the United States, demonstrate her strong motive to evade the pending indictment as well as the financial means to live and travel abroad. Conversely, her somewhat limited resources here in the United States with no offer of other surety or custodial resources are insufficient to mitigate against flight.

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentence or being held in custody pending appeal.  The Defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United State or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States Marshal for the purpose of appearance in connect with a court proceeding.

**SO ORDERED.**

Dated:   3/31/2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge