1  CRAIG H. MISSAKIAN (CABN 125202)
   United States Attorney
2
   RAVI T. NARAYAN (CABN 331858)
3  Deputy Chief, Criminal Division

4  LLOYD FARNHAM (CABN 202231)
   Assistant United States Attorney
5
        60 South Market Street, Suite 1200
6       San Jose, California 95113
        Telephone: (415) 436-7200
7       Lloyd.farnham @ usdoj.gov

8  Attorneys for United States of America

9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11
                          SAN JOSE DIVISION
12

13 | UNITED STATES OF AMERICA,           | CASE NO. 19-CR-00111 BLF
14 |         Plaintiff,                  |
   |                                     | UNITED STATES STATEMENT
15 |     v.                              | RE MOTION FOR BAIL REVIEW
16 | DANHONG "JEAN" CHEN                 |
   | aka MARIA SOFIA TAYLOR,             |
17 |                                     |
   |         Defendant.                  |
18

19

20      The United States, through undersigned counsel, submits this brief statement regarding the

21 motion for bail review brought by defendant Danhong Chen, in advance of the hearing set on the Court's

22 calendar on June 3, 2025 at 1:00 p.m. After a detention hearing, this Court ordered Chen detained

23 pending trial in a written order issued on March 31, 2025. It has been a little more than two months

24 since that order, and as Chen's motion makes clear, nothing has changed that would warrant this Court

25 reconsidering the conclusion that Chen presents a risk of flight that cannot be reasonably mitigated with

26 conditions. All the facts and circumstances presented by the government (and by the defendant) during

27 the prior proceedings are still true, and those facts and circumstances still support the Court's conclusion

28 that Chen should be detained pending trial, including the following:

US STATEMENT RE MOTION FOR BAIL REVIEW   1
19-CR-00111 BLF

- Chen travelled by train and then bus across the border within days of the filing of an SEC civil complaint that alleged fraud and obstruction of the SEC investigation.

- She left behind her minor daughter and former husband, and her entire life here in 2018 and did not return on her own volition during the next five and a half years.

- When her husband and co-defendant was arrested a few days later as he tried to leave the country, and then later when the indictment was publicly filed, Chen knew of the pending criminal charges and then did not travel to Europe or other country where she risked arrest on a U.S. arrest warrant (until she travelled to the Kyrgyz Republic in 2024—a place that she likely believed would not arrest or extradite her).

- She has the financial means to flee and live indefinitely outside the reach of U.S. law enforcement, as shown by the fact that she did in fact live in China for years while also continuing to transfer tens of thousands of dollars at a time to a U.S. bank account used to pay a mortgage and property tax.

- The most significant asset proposed to secure a bond (the Los Gatos house) is compromised because she transferred half of the property to a purported "irrevocable" trust and because the SEC action seeks to recover the house because it was purchased with funds obtained by Chen during the fraud alleged in the SEC complaint.

Despite the fact that Chen is not disputing these issues, and that these facts still accurately describe the circumstances of her departure from the U.S., the time that she stayed away, and her financial means, Chen is now before the Court asking for less restrictive conditions that she sought previously.

A significant part of Chen's motion for bail review is devoted to descriptions of her prior charity work, her regard by a handful of select former clients, and a self-serving description of how Tony Ye, her former husband, business partner, and co-defendant actually ran the EB-5 sponsoring company at the center of this visa fraud scheme.

The charitable work that Chen undertook before she fled the U.S. and the work she hopes to do when released is commendable, and is potential mitigation during a sentencing hearing, but does not impact the key question this Court must address on the question of bail—whether Chen presents a risk of flight. Any prior investment in the community, and any ties she claims now, were left behind once before when she left indefinitely. Despite claiming now such significant community and family ties to the U.S., after the indictment was filed she never once traveled back to the U.S. even when she could have. Chen's only travel outside China since indictment was to the Kyrgyz Republic—a country that

she likely believed would not arrest or extradite her.

The efforts to put this entire visa fraud scheme on co-defendant Tony Ye are misplaced and contradicted by the allegations in the indictment. Chen signed the false EB-5 visa applications that are at the center of the scheme, and the indictment alleges that both she and Ye knew the facts that made those applications false—including that another individual controlled the regional center though Chen was one of the signatories on the center bank accounts, that the individual investors had legal counsel not working with the regional center and project though Chen worked with Ye on both. The indictment also alleges that Chen and Ye directed an individual to delete emails to prevent those communications from being obtained by the SEC.

The motion also claims, with no additional supporting documents, that Chen suffers from a medical condition that warrants release. Chen presents no evidence that the situation is any different from the time that she argued this issue previously. According to medical records obtained by Chen's prior counsel and submitted to the Court, medical professionals provided Chen with regular medical care, encouraged her to be more mobile to alleviate stiffness and pain, and did not diagnose an issue that required emergency treatment. That care is being provided by Santa Clara Valley Healthcare, a large healthcare group in the area that runs hospitals and specialist networks in the area.

What Chen has not presented in support of this motion is telling. There is no medical opinion concluding that Chen requires immediate surgery, and no medical diagnosis or proposed course of treatment based on examination of her injury. She has not sought to be seen by a different doctor or provided a plan for faster consultation and surgery from another provider. Overall, there is no significant evidence that her knew requires immediate surgery, and no evidence she could or would get that treatment if released.

The letter written by one of the providers at Santa Clara Valley Healthcare simply states the fact of the situation presented by Chen's injury and recovery. She is being seen regularly by medical professionals; if the consultation is not urgent, and the scheduling of any consultation and surgery will take time, that is a reflection of the seriousness of the condition, not an indication that Chen is not being provided with excellent medical care.

Chen presents a unique and clear example of the factors that justify detention based on flight

US STATEMENT RE MOTION FOR BAIL REVIEW   3
19-CR-00111 BLF

1  risk. This Court should decline to revisit the prior detention decision on the slim—and substantively
2  unchanged—record now before the Court.

3  DATED: June 3, 2025                                    Respectfully submitted,

                                                          CRAIG H. MISSAKIAN
                                                          United States Attorney


                                                          _____/s/_____
                                                          LLOYD FARNHAM
                                                          Assistant United States Attorney